[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13960
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2011
JOHN LEY
CLERK

Agency No. A077-023-599

JESUS PENA LARA,
a.k.a. Jose Luis Perez,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 12, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Jesus Pena Lara seeks review of the final order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) finding that Lara was removable for making a false claim to United States citizenship pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii)(I), and the IJ's denial of Lara's application for withholding of removal under the Immigration and Nationality Act (INA) 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c).[1]  After review,[2] we deny the petition in part and dismiss in part.

## I.

Lara contends the BIA erred by concluding Lara falsely asserted he was a United States citizen.  "We review the [BIA's] factual determinations under the substantial evidence test."  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005).  We must "affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotations omitted).

---

[1]  In his brief before this Court, Lara cites exclusively to his application for relief under the INA and makes no argument for relief under CAT.  Because Lara failed to offer argument regarding the denial of CAT relief in his brief before this Court, Lara has abandoned his CAT claim.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (stating if a petitioner "fails to offer argument on an issue, that issue is abandoned").

[2]  We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).   Because the BIA wrote its own opinion in this case, we review only the BIA's opinion.

Accordingly, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." *Ruiz*, 479 F.3d 762, 765 (11th Cir. 2007) (quotation omitted).

Although Lara contends the record established he did not make a false claim to U.S. citizenship, the record contains ample evidence—including Lara's own sworn statement— showing that Lara presented the passport at inspection in an attempt to enter the United States. Furthermore, Lara's due process argument lacks merit because, as the BIA noted, Lara was removable regardless of whether he "presented" the U.S. passport for admission. Because Lara conceded removability based on the alternative ground that he was an arriving alien without a valid entry document, any alleged procedural error was harmless and Lara cannot show that any constitutional due process violation caused substantial prejudice. *See De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1285 (11th Cir. 2006) ("To establish a procedural due process violation, an alien must show the government's asserted error caused [him] substantial prejudice."). Accordingly, we deny the petition for review with respect to Lara's challenge to the fraud charge under 8 U.S.C. § 1182(a)(6)(C)(ii)(I).

## II.

Second, Lara asserts the BIA erred by denying his application for withholding of removal because he testified he suffered past persecution on account of his disagreement with the Cuban government. We review *de novo* whether we enjoy subject matter jurisdiction over a petition for review. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006). "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d). Thus, "we lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga*, 463 F.3d at 1251.

In his brief before the BIA, Lara argued exclusively for relief under CAT. Lara's brief neither mentioned nor applied the standards for withholding of removal under the INA. Because Lara failed to exhaust his remedies with respect to his claim for withholding of removal under the INA, we lack jurisdiction to review this claim. Accordingly, to the extent Lara seeks review of his claim for withholding of removal under the INA, we dismiss the petition for lack of jurisdiction.

**PETITION DISMISSED IN PART, and DENIED IN PART.**